IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

**REBECCA JEAN HAYNES,**
   **Plaintiff,**

 v.             **CIVIL ACTION NO. 3:16-cv-02781**

**NANCY A. BERRYHILL,**
 **Acting Commissioner of Social Security,**
   **Defendant.**

## AMENDED PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Presently pending before this Court are Plaintiff's Brief in Support of Claim (ECF No. 7), Brief in Support of Defendant's Decision (ECF No. 8) and Plaintiff's Reply Brief (ECF No. 9).[1]

Claimant Rebecca Jean Haynes filed an application for DIB on June 19, 2012, alleging disability beginning June 1, 2008. The claim was denied initially on August 30, 2012, and upon reconsideration on October 31, 2012. Thereafter, Claimant filed a written request for hearing on November 26, 2012. On December 12, 2013, a hearing was held in Charleston, West Virginia. At the end of the hearing Claimant's representative requested a consultative examination. Subsequently, the Administrative Law Judge (ALJ) held a video supplemental hearing on July 22, 2014. Claimant appeared in Charleston, West Virginia, and the ALJ presided over the hearing from Dover, Delaware. By decision dated August 11, 2014, the ALJ determined that Claimant

---

[1] On September 13, 2016, Plaintiff filed Plaintiff's Supplemental Authorities in Support of Claim (ECF No. 10).

was not entitled to benefits.  Claimant sought review by the Appeals Council of the ALJ's unfavorable decision.  The Appeals Council (AC) denied Claimant's request for review (Tr. at 1-4).  Thereafter, Claimant filed a complaint with this Court pursuant to 42 U.S.C. § 405(g).

## Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability.  *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. § 404.1520 (2015).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  *Id.* § 404.1520(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  *Id.* § 404.1520(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  *Id.* § 404.1520(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  *Id.* § 404.1520(d).  If it does, the claimant is found disabled and awarded benefits.  *Id.*  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  *Id.* § 404.1520(e).  By satisfying inquiry four, the claimant establishes a *prima facie* case of disability.  *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms

of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2015). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity during the period from her alleged onset date of June 1, 2008, through her date last insured of June 30, 2012 (Tr. at 16). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of headaches, fibromyalgia, cervical degenerative disc disease, osteoarthritis of the left knee and obesity. (*Id.*) At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1 (Tr. at 17). The ALJ then found that Claimant has a residual functional capacity to perform work at the sedentary exertional level.[2] The ALJ held that "Through the date last insured, the claimant was capable of performing past relevant work as an office manager. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity" (Tr. at 22). Based on his findings, the ALJ denied Claimant's application for disability. (*Id.*)

---

[2] Claimant can occasionally operate foot controls with the left lower extremity. Who can occasionally climb ramps and stairs, but never climb ladders or scaffolds. Who can continuously balance, stoop, kneel, but never crouch or crawl. Who can never tolerate exposure to unprotected heights. Who can frequently tolerate exposure to moving mechanical parts, operating a motor vehicle, humidity, wetness, dust, fumes and pulmonary irritants. Who can never tolerate extreme cold or heat. Who can occasionally tolerate exposure to vibrations (Tr. at 18).

3

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> Evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

Claimant's Background

On the date of the hearing, Claimant was 60 years old (Tr. at 35). She lives with her husband and does not have any dependents (Tr. at 36). Claimant has a high school education and additional training in secretarial science. (*Id.*) Claimant has a driver's license (Tr. at 50).

The Medical Record

The medical record addressing Claimant's residual functional capacity will be discussed below. The undersigned respectfully recommends the District Judge remand this case, therefore, other issues raised by the parties will not be discussed at this time.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the ALJ's conclusion that Claimant can return to her past relevant work is not supported by substantial evidence (ECF No. 7). Claimant argues that Social Security Rulings 82-62 and 82-61 are binding on the ALJ in this matter, therefore, the ALJ failed to develop the evidence to determine the precise activities Claimant performed in her past job as an office manager. Claimant argues that the ALJ "should have explained why he did not adopt Dr. Beard's limitation that Mrs. Haynes could only sit four hours in an eight hour day, especially since the Judge indicated he accorded great weight to Dr. Beard's opinion." (*Id.*)

Defendant asserts that substantial evidence supports the ALJ's residual functional capacity assessment (RFC) finding that Claimant is capable of sedentary work (ECF No. 8). Defendant avers that "no rule or regulation required the ALJ to adopt each and every limitation set forth by the consultative examiner, D. Beard, simply because the ALJ gave his opinion great weight." (*Id.*) Defendant aver that the ALJ was permitted to find Claimant capable of performing her past relevant work as it is generally performed in the national economy.

RFC

After step three of the ALJ's sequential analysis, but before deciding whether a claimant can perform past relevant work at step four, the ALJ must determine the claimant's RFC. An individual's RFC is the capacity an individual possesses despite the limitations caused by physical or mental impairments. 20 C.F.R. § 404.1545(a)(1); *see also* S.S.R. 96-8p. The RFC is based on all relevant medical and other evidence in the record and may include a claimant's own description of limitations arising from alleged symptoms. 20 C.F.R. § 404.1545(a)(3); *see also* S.S.R. 96-8p. "[T]he residual functional capacity 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function

5

basis, including the functions' listed in the regulations." *Mascio v. Colvin*, 780 F.3d at 636 (quoting S.S.R. 96-8p). Where a claimant has numerous impairments, including non-severe impairments, the ALJ must consider their cumulative effect in making a disability determination. 42 U.S.C. § 423(d)(2)(B); *see Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir. 1989) ("[I]n determining whether an individual's impairments are of sufficient severity to prohibit basic work related activities, an ALJ must consider the combined effect of a claimant's impairments.") (citations omitted).

The claimant's RFC must incorporate impairments supported by the objective medical evidence in the record, as well as those impairments based on the claimant's credible complaints. *Carter v. Astrue,* 2011 WL 2688975, at *3 (E.D.Va. June 23, 2011); *accord* 20 C.F.R. § 416.945(e). The ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.,* laboratory findings) and nonmedical evidence (*e.g.,* daily activities, observations)." *Id.* (citing SSR 96-8p).

The Court will uphold the ALJ's RFC findings if substantial evidence in the record supports the findings and the ALJ has applied the correct legal standards in reaching them. *Hancock v. Astrue,* 667 F.3d 470, at 472 (4th Cir. 2012). "A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin,* 734 F.3d 288, 295 (4th Cir.2013). The Court will "remand to the agency for additional investigation or explanation when we cannot evaluate the record of the basis that underlies the ALJ's ruling." *Fox v. Colvin,* 632 Fed.Appx. 750, 754 (4th Cir.2015) (quoting *Radford,* 734 F.3d at 295).

The Fourth Circuit has held "Although we could guess what these occupations require in reality, it is the purview of the ALJ to elicit an explanation from the expert ..." *Pearson v. Colvin,* 810 F.3d 204, 211 (4th Cir. 2015). The duty rests with the ALJ, not a reviewing court, to find facts and resolve conflicts. *Radford,* 734 F.3d at 296; *see also Brown v. Colvin,* 639 Fed.Appx. 921, 923, 2016 WL 50298, at *2 (4th Cir. Feb. 9, 2016) ("We remand to avoid engaging in fact-finding `in the first instance' and to allow the ALJ to further develop the record so that we can conduct a meaningful judicial review"). And, as the Fourth Circuit has repeatedly made clear, the ALJ must provide a sufficient explanation of his findings to allow for meaningful appellate review. *See Mascio,* 780 F.3d at 637 ("Because we are left to guess about how the ALJ arrived at his conclusion on [Plaintiff's] ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended, remand is necessary."); *Cook v. Heckler,* 783 F.2d 1168, 1173 (4th Cir.1986) (holding that without an adequate explanation, "it is simply impossible to tell whether there was substantial evidence to support the determination"). An RFC that fails to include a function-by-function assessment may result in the ALJ overlooking some of a claimant's limitations or restrictions, which could lead to an incorrect determination of exertional level of work the claimant can perform.

Discussion

On December 12, 2013, the ALJ ordered a physical and mental consultative examination after the hearing (Tr. at 34). As a result, Kip Beard, M.D., conducted an internal medicine examination for the West Virginia Disability Determination Service on April 10, 2014 (Tr. at 645-660). Dr. Beard reported that Claimant reported feeling constantly weak and tired (Tr. at 646). Claimant stated that she has difficulty sitting at a computer for 20 minutes or more, standing for

7

15 to 20 minutes, walking for 30 minutes and lifting more than 15 pounds.

Dr. Beard diagnosed Claimant with chronic cervical strain, osteoarthritis of the knees, fibromyalgia, hypothyroidism, gastritis, esophagitis with GERD, headaches, hypertension and chronic fatigue syndrome (Tr. at 650). Dr. Beard also gave his opinion regarding the work functions Claimant could still do. He indicated that she could sit for one hour without interruption and could stand or walk for 30 minutes. In an eight-hour day, she could sit for four hours, could stand for two hours and could walk for two hours (Tr. at 653). Claimant could never climb ladders or scaffolds, crouch or crawl, and could only occasionally stoop or kneel (Tr. at 655).

The ALJ held that Dr. Beard had the opportunity to review the prior medical record and considered impairments that were diagnosed and treated during the relevant period (Tr. at 21). The ALJ stated that "Dr. Beard was provided with an opportunity to examine the claimant and compare her subjective complaints against known objective standards." Accordingly, the ALJ gave Dr. Beard's opinion "great weight" because "it is consistent with the medical evidence of record." (*Id.*)

Although the ALJ gave "great weight" to Dr. Beard's consultative examination, he failed to explain why he did not adopt Dr. Beard's opinion that Claimant was limited to sitting for 1 hour at a time and 4 hours total and standing and walking for 30 minutes at a time and for 2 hours total. The ALJ did acknowledge these limitations when discussing Dr. Beard's consultative examination, however, the ALJ did not explain why he did not adopt that portion of Dr. Beard's opinion (Tr. at 21).

The responsibility for determining a claimant's residual functional capacity rests with the ALJ. 20 C.F.R. § 404.1546(c). "[T]he adjudicator's assessment of an individual's RFC may be the most critical finding contributing to the final determination or decision about disability." SSR

No. 96-5p. An RFC assessment is "based on consideration of all relevant evidence in the case record." Social security rulings further provide that "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR No. 96-8p. Additionally, while an ALJ is not required to incorporate all evidence into the RFC, an ALJ "must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR No. 96-8p.

The ALJ concluded that Claimant had a sedentary RFC except Claimant can occasionally operate foot controls with the left lower extremity. Claimant can occasionally climb ramps and stairs, but never climb ladders or scaffolds. She can continuously balance, stoop, kneel, but never crouch or crawl. She can never tolerate exposure to unprotected heights. Claimant can frequently tolerate exposure to moving mechanical parts, operating a motor vehicle, humidity, wetness, dust, fumes and pulmonary irritants. She can never tolerate extreme cold or extreme heat. Claimant can occasionally tolerate exposure to vibrations (Tr. at 18).

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). Social Security Ruling 96-9p provides that "[i]n order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period and an afternoon break at approximately 2-hour intervals." Thus, the ALJ's RFC allows Claimant to remain in a seated position for approximately 6 hours of an 8-hour workday with breaks at approximately 2-hour intervals is inconsistent with Dr. Beard's opinion. Dr. Beard's

9

opinion limited sitting for 1 hour at a time and 4 hours total.

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate. *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ").

In light of the inconsistencies in Dr. Beard's limitations, the ALJ's RFC and because the ALJ gave great weight to Dr. Beard's opinion, even if the ALJ is not required to adopt Dr. Beard's limitations of sitting for 1 hour at a time and 4 hours total, the ALJ should have explained how he considered and resolved the inconsistencies.[3] *See* SSR No. 96-8p (an ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.").

## Conclusion

Based on the foregoing, the undersigned respectfully recommends the District Judge find that while assessment of Claimant's RFC was reserved to the ALJ and the ALJ may not have been required to adopt every limitation contained in Dr. Beard's opinion, the ALJ's failure, at a minimum, to explain his reasons for not adopting Dr. Beard's limitations of sitting for 1 hour at a time and 4 hours total leaves this Court to speculate as to the ALJ's reasoning. Further, the

---

[3] Claimant testified "I have problems sometimes, walking a long distance. My low back, down into the hips, will start spasming and I have to stop" (Tr. at 43). Additionally, Claimant testified that she could walk "maybe half a block" before she would have to stop. (*Id.*)

10

undersigned suggests the District Judge find that without sufficient analysis by the ALJ regarding whether Dr. Beard's limitations would impact Claimant's ability to perform her past sedentary job, this Court cannot determine whether the Commissioner's decision is supported by substantial evidence. This Court makes no recommendation as to Claimant's remaining arguments. These issues may be addressed on remand.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Plaintiff's Brief in Support of Claim (ECF No. 7) to the extent Plaintiff seeks remand pursuant to sentence four of 42 U.S.C. § 405(g), **DENY** the Defendant's Brief in Support of Defendant's Decision (ECF No. 8), **REVERSE** the final decision of the Commissioner, and **REMAND** this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and **DISMISS** this matter from this Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d

91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Chambers and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter: March 1, 2017

_____
Dwane L. Tinsley
United States Magistrate Judge